IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

RANDY L. HOGE, JR.,

        Plaintiff,

v.

S. GRIFFITH et al.,

        Defendants.

No. 6:20-cv-00638-JR

OPINION AND ORDER

MOSMAN, J.,

On December 20, 2022, Magistrate Judge Jolie A. Russo issued her Findings and Recommendation ("F&R") [ECF 56], recommending that Defendants' Motion for Summary Judgment [ECF 50] should be granted and Plaintiff's Motion for Summary Judgment [ECF 45] should be denied. Neither party filed objections. I agree with Judge Russo's F&R, but write further to explain my reasoning as to the First Amendment claim against Defendant Griffith.

## LEGAL STANDARD

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court

1 – OPINION AND ORDER

is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

## DISCUSSION

Prisoner legal correspondence implicates the First and Sixth Amendments. *Evans v. Skolnik*, 997 F.3d 1060, 1068 (9th Cir. 2021); *Nordstrom v. Ryan*, 856 F.3d 1265 (9th Cir. 2017) (*Nordstrom II*); *Nordstrom v. Ryan*, 762 F.3d 903 (9th Cir. 2014) (*Nordstrom I*). Inmates may challenge a correctional institution's policy of reading prisoners' legal mail sent to attorneys representing them in criminal cases. *Evans*, 997 F.3d at 1068. In general, prison officials may inspect legal mail in a prisoner's presence to make sure it does not contain, for example, "contraband" or "escape plans." *Id.* at 1075 (Berzon, J., concurring in part and dissenting in part) (describing the requirements under *Nordstrom I* and *Nordstrom II*). But "page-by-page" content review of legal mail is proscribed. *Id.*

*Hayes* and *Mangiaracina* extend these protections to the opening of legal mail. *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204 (9th Cir. 2017); *Mangiaracina v. Penzone*, 849 F.3d 1191 (9th Cir. 2017). In particular, *Hayes* held that the opening of legal mail—even legal mail related to civil matters—is protected by the First Amendment. *Hayes*, 849 F.3d at 1211. Prisoners have a constitutional right to have such properly marked legal mail opened in their presence. *Id.*

In *Hayes*, plaintiff alleged that mailroom staff targeted sex offenders by illegally opening their mail. *Id.* at 1212. This was enough to state a claim and survive a motion to dismiss, even though only one or two pieces of plaintiff's mail had been opened outside of his presence. *Id.*

2 – OPINION AND ORDER

Judge Bybee's concurrence emphasized that plaintiff would have to prove the mailroom staff's conduct was intentional to survive past the "pleading stage of the litigation." *Id.* at 1216 (Bybee, J., concurring). A prisoner seeing "a broad pattern of improperly opened legal mail" may allege intent or that "an inference of intent should be drawn from the pattern and practice." *Id.* But that inference must be fully proved to "prevail on the merits." *Id.* at 1218.

Here, Plaintiff alleges that Defendant Griffith improperly opened two pieces of legal mail. As to one of those pieces, Defendant Griffith admits that he "opened [it] purposefully" as he had done for "all other mail" that was returned to sender. Hoge Decl. [ECF 46], Ex. A-1. After Plaintiff filed a grievance, Defendant Griffith reviewed the jail's mail policy and "found that [he] was in the wrong to open the envelope that was returned to sender" because the policy provides that "[a]ll legal mail"—including mail returned to sender—"is to be opened in the presence of the intended recipient." *Id.*

Defendant Griffith had been working at the jail for six years. Hoge Decl., Ex. A-5. At summary judgment, I must view the evidence in the light most favorable to Plaintiff, the non-moving party, and draw all justifiable inferences in his favor. *Herrera v. Los Angeles Unified Sch. Dist.*, 18 F.4th 1156, 1158 (9th Cir. 2021). So doing, a rational factfinder could conclude that Defendant Griffith had been wrongfully opening returned-to-sender legal mail throughout the six-year period of his employment. Plaintiff has therefore successfully shown a pattern of improperly opened mail.

However, Plaintiff has not proven that any inference of intent should be drawn from that practice. In his First Amended Complaint, Plaintiff alleged that he was seeking the help of an attorney for a civil suit because he had been targeted by Defendant Griffith's co-workers. But Plaintiff has not adduced evidence to show that Defendant Griffith's practice of opening returned-

to-sender legal mail was because of any sort of targeting. Nor has he proved that Defendant Griffith read his legal correspondence after unintentionally opening it. Taking all of the facts in the light most favorable to Plaintiff, Plaintiff has failed to create an "inference of intent" strong enough to survive summary judgment. "[M]erely inadvertent conduct" in processing inmates' legal mail is not a First Amendment violation. *Hayes*, 849 F.3d at 1216 (Bybee, J., concurring).[1]

## CONCLUSION

Upon review, I agree with Judge Russo's recommendation, and I ADOPT the F&R [ECF 56] as my own opinion. I GRANT Defendants' Motion for Summary Judgment [ECF 50] and DENY Plaintiff's Motion for Summary Judgment [ECF 45]. I therefore ENTER JUDGMENT for Defendants and DISMISS this case with prejudice.

IT IS SO ORDERED.

DATED this 1st day of March, 2023.

MICHAEL W. MOSMAN
Senior United States District Judge

---

[1] In contrast, proof that a prison official intentionally opened *and read* a prisoner's legal mail *concerning a criminal matter* is sufficient to survive summary judgment when the conduct meets the requirements set forth in the *Nordstrom* cases. *Salmon v. Peters*, No. 2:20-CV-1917-AR, 2022 WL 18584339, at *8–*9 (D. Or. Dec. 15, 2022), report and recommendation adopted, No. 2:20-CV-1917-AR, 2023 WL 1470544 (D. Or. Feb. 2, 2023) (Mosman, J.).

4 – OPINION AND ORDER